# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MALTSBERGER/STOREY RANCH LLC, STOREY MINERALS, LTD., RENE R. BARRIENTOS, LTD., STOREY SURFACE, LTD., MALTSBERGER/STOREY RANCH LANDS, LLC, AND MALTSBERGER, LLC

### DEFENDANTS
EP ENERGY E&P COMPANY L.P., EP ENERGY CORP., EPE ACQUISITION, LLC, EP ENERGY, LLC, EP ENERGY GLOBAL, LLC, EP ENERGY MANAGEMENT, LLC, EP ENERGY RESALE COMPANY, LLC

**(b)** County of Residence of First Listed Plaintiff: **San Patricio County TX**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Harris County, Texas**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher L. Halgren, McGinnis Lochridge LLP, 609 Main, Suite 2800, Houston, Texas 77002, (713) 615-8500, et al.

Attorneys *(If Known)*
Alfredo R. Peréz, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 1700, Houston, Texas 77002, (713) 546-5000, et al.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1452

Brief description of cause:
Claims for trespass, conversion, unjust enrichment, fraudulent transfer, and accounting

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Charles Eskridge (SDTX); Marvin Isgur (BCSDTX)
DOCKET NUMBER: 4:21-CV-4148; 19-35654

DATE: April 6, 2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ Alfredo R. Peréz

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MALTSBERGER/STOREY RANCH LLC, STOREY MINERALS, LTD., RENE R. BARRIENTOS, LTD., STOREY SURFACE, LTD., MALTSBERGER/STOREY RANCH LANDS, LLC, AND MALTSBERGER, LLC, <br><br>    Plaintiffs, <br><br>v. <br><br>EP ENERGY E&P COMPANY L.P., EP ENERGY CORP., EPE ACQUISITION, LLC, EP ENERGY, LLC, EP ENERGY GLOBAL, LLC, EP ENERGY MANAGEMENT, LLC, AND EP ENERGY RESALE COMPANY, LLC, <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § |

## NOTICE OF REMOVAL

Under Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and 28 U.S.C. §§ 1334 and 1452, EP Energy E&P Company L.P. ("**EPLP**"), EP Energy Corp., EPE Acquisition, LLC, EP Energy, LLC, EP Energy Global, LLC, EP Energy Management, LLC, and EP Energy Resale Company, LLC (collectively, "**EP Energy**") hereby remove the claims brought against EP Energy in *Maltsberger/Storey Ranch, LLC et al. v. EP Energy Corp., et al.*, No. 22-04-00023-CVL (the "**New Lawsuit**"), in the 81st Judicial District Court of La Salle County, Texas (the "**State Court**") from the State Court to this Court. EPLP is the sole reorganized debtor and all other Defendants are former debtors under the previously

jointly administered case of EP Energy Corporation, Case No. 19-35654 (Bankr. S.D. Tex.).[1] The grounds for removal are set forth below:

## BACKGROUND

1. As the Court is aware, in its Memorandum Opinion and Order issued *In re EP Energy E&P Co. L.P.*, Case No. 19-35647, (Bankr. S.D. Tex. Dec. 14, 2021) (ECF No. 201) (the "**Memorandum Opinion**"); *Order, In re EP Energy E&P Co. L.P.*, Case No. 19-35647, (Bankr. S.D. Tex. Dec. 14, 2021) (ECF No. 202) (together with the Memorandum Opinion, the "**Temporary Cessation Order**"), the Court denied the MSB Owners' Temporary Cessation Claim[2] in connection with the MSB Owners' (i) request for allowance of administrative expense claims, including on account of the Temporary Cessation Claim (Case No. 19-35654, ECF No. 1480) and (ii) threshold motion (Case No. 19-35654, ECF No. 1610) (the "**Threshold Motion**"). The New Lawsuit filed in State Court is the MSB Owners' attempt to re-litigate the Temporary Cessation Claim in another forum. The New Lawsuit violates multiple provisions of the *Modified Fifth Amended Joint Chapter 11 Plan of EP Energy Corporation and Its Affiliated Debtors* (the "**Plan**") (Case No. 19-35654, ECF No. 1411) and *Proposed [sic] Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis, (II) Confirming Modified Fifth Amended Joint Chapter 11 Plan of EP Energy Corporation and Its Affiliated Debtors and (III) Granting Related Relief* (Case No. 19-35654, ECF No. 1411) (the "**Confirmation Order**"), including, but not limited to, the provisions (i) barring

---

[1] On December 28, 2020, the United States Bankruptcy Court for the Southern District of Texas entered the *Final Decree Closing Certain of the Chapter 11 Cases* (Case No. 19-35654; ECF No. 1587) closing the chapter 11 cases for the following reorganized debtor affiliates of EPLP: EP Energy Corporation; EPE Acquisition, LLC; EP Energy LLC; Everest Acquisition Finance Inc.; EP Energy Global LLC; EP Energy Management, L.L.C.; and EP Energy Resale Company, L.L.C. (collectively, the "**Debtors**").

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Memorandum Opinion.

2

administrative claims not filed on or before October 30, 2020, (ii) discharging all claims against the Debtors (including administrative expense claims), (iii) enjoining the MSB Owners from commencing any actions to recover on account of such discharged claims (including the Temporary Cessation Claim), and (iv) governing the treatment of the MSB Owners' claims and the rights and obligations among the parties (the "**MSB Provisions**").

2. Following this Court's denial of the Temporary Cessation Claim on December 14, 2021, the MSB Owners appealed the Temporary Cessation Order, which is currently pending before the District Court for the Southern District of Texas. *Storey Minerals, Ltd., et al. v. EP Energy E&P Company, L.P.*, Case No. 4:21-CV-4148 (S.D. Tex.) (the "**Temporary Cessation Claim Appeal**").

3. Notwithstanding (i) this Court's exercise of jurisdiction over and denial of the Temporary Cessation Claim sought in the Administrative Expense Motion, (ii) the Temporary Cessation Claim Appeal pending before the Southern District of Texas, and (iii) express provisions in the Confirmation Order enjoining the MSB Owners from pursuing the Temporary Cessation Claim and other relief requested in the New Lawsuit, the MSB Owners have elected to circumvent this Court's authority to pursue the Temporary Cessation Claim in state court.

4. EP Energy therefore intends to file a motion to enforce the Plan and Confirmation Order in the coming days.

**GROUNDS FOR REMOVAL**

5. A party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

6. District courts have original jurisdiction to hear all civil proceedings that are, among other things, "related to cases under title 11." 28 U.S.C. § 1334(b).

3

7. A related-to case represents "the broadest of the potential paths to bankruptcy jurisdiction." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 163 (3d Cir. 2004). Although such a case does not invoke a substantive right under the Bankruptcy Code, it is one that "could *conceivably* have an effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995); *see In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) ("We adopt [Pacor's definition] as our own."). "A key word in this test is 'conceivable.' Certainty, or even likelihood, is not a requirement." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991). In other words, a case is "related to" the bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994; *see In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988) (adopting *Pacor*'s elaboration of the test as its own).

8. In any event, every other U.S. Circuit Court of Appeals has adopted or closely followed the standard for related-to jurisdiction as articulated by the Third Circuit in *Pacor*. *See In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992); *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir.1991); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990); *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 and n. 19 (11th Cir.1990); *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988); *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987); *In re Dogpatch, U.S.A., Inc.,* 810 F.2d 782, 786 (8th Cir.1987); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986); *cf. Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996) ("Our precedents hold that [a] case is 'related' to a bankruptcy when the

dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.") (internal quotation marks omitted).

9. Here, in the New Lawsuit, MSB alleges the same facts and seeks the same relief that this Court has already considered and denied and is currently the subject to the Temporary Cessation Claim Appeal. Mem. Op. 9–24; *compare MSB Owners' Brief on Jurisdiction and Abstention Issues Related to the Motion for Threshold Determination that Proposed State Court Action does not Include a Prepetition Claim* Ex. A, Case No. 19-3654 (ECF No. 1610–1) *with Plaintiff's Original Petition*, New Lawsuit. Further, MSB filed the New Lawsuit in violation of multiple provisions of the Plan and Confirmation Order, including the discharge provisions, injunction provisions and MSB Provisions. EP Energy plans to file a motion to enforce the Plan with this Court in the coming days. In order to rule on the issues raised in the New Lawsuit and the forthcoming motion to enforce the Plan, the Court must interpret and enforce the Confirmation Order and the Plan, each of which fall within the Court's jurisdiction.

10. For these reasons and more, the New Lawsuit is related to EPLP's chapter 11 case and removal jurisdiction is satisfied under 28 U.S.C. § 1452(a).

**THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

11. Removal of the New Lawsuit is authorized by 28 U.S.C. §§ 1334 and 1452. Removal is being accomplished in accordance with Rule 9027 of the Bankruptcy Rules and the local rules of this Court (the "**Local Rules**").

12. The State Court is located in the division and district of this Court. Venue is proper under Bankruptcy Rule 9027(a)(1).

13. Pursuant to Local Rule 9027-1(a), the below list includes (i) the names and addresses for the parties, along with (ii) the names, addresses, and telephone numbers for the counsel for every party, and (iii) process service representations for each party.

5

- Party Name and Address

    o Plaintiff Maltsberger/Storey Ranch, LLC (P.O. Box 725, Odem, Texas 78370)

    o Plaintiff Storey Minerals, Ltd. (P.O. Box 309, Cotulla, Texas 78014)

    o Plaintiff Rene R. Barrientos, Ltd. (433 Devine Road, San Antonio, Texas 78212)

    o Plaintiff Storey Surface, Ltd. (P.O. Box 309, Cotulla, Texas 78014)

    o Plaintiff Maltsberger/Storey Ranch Lands, LLC (P.O. Box 725, Odem, Texas 78370)

    o Plaintiff Maltsberger, LLC (P.O. Box 754, Cotulla, Texas 78014)

    o Defendants EP Energy (P.O. Box 4660, Houston, Texas 77210-4660; 601 Travis, Suite 1400, Houston, Texas 77002)

- Counsel Name, Address, and Telephone Number for All Plaintiffs

    o MCGINNIS LOCHRIDGE LLP

        ▪ Christopher L. Halgren, State Bar No. 24069859

        ▪ Austin Brister, State Bar No. 24080804

        ▪ William K. Grubb, State Bar. No. 24107793

        ▪ 609 Main, Suite 2800, Houston, Texas 77002

        ▪ (713) 615-8500, (713) 615-8585 Facsimile

    o SOLTERO SAPIRE MURRELL PLLC

        ▪ Carlos R. Soltero, State Bar No. 00791702

        ▪ 7320 N Mopac Suite 309, Austin, Texas 78731

        ▪ 512-422-1559 (phone), 512-359-7996 (fax)

- o   DAVIS, GERALD & CREMER, P.C.
    - Shannon H. Ratliff, State Bar No. 16573000
    - 300 W. 6th Street, Suite 1830, Austin, Texas 78701
    - (512) 493-9600 (phone), (512) 493-9625 (fax)
- Counsel Name, Address, and Telephone Number for All Defendants (*see* undersigned)
- Service on All Parties
    - o   Service is being effected through State Court electronic filing service.

14.   Bankruptcy Rule 9027(a)(1) requires that this Notice of Removal "contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to entry of final order or judgment by the bankruptcy court." *See* Local Rule 9027-2.  EP Energy states that it does so consent to the entry of final orders or judgments by the Bankruptcy Court.

15.   Local Rule 9027-1(c) further requires that this Notice of Removal attach "copies of all papers that have been filed in the court from which the case is removed."  All docket entries in the New Lawsuit are attached hereto as **Exhibit A**.  The docket sheet for the New Lawsuit is attached hereto as **Exhibit B**.

16.   Under Bankruptcy Rule 9027(a)(3), this Notice of Removal must be filed within thirty (30) days after receipt of the initial pleading or summons.  The MSB Owners only filed their New Lawsuit on March 31, 2022, less than a week ago, so EP Energy's Notice of Removal is timely.

17.   In accordance with Bankruptcy Rule 9027(b), and along with this filing, EP Energy will simultaneously serve written notice of this removal to the above-captioned parties and/or their counsels of record.

7

18. All parties to the New Lawsuit pending in the State Court are **HEREBY NOTIFIED** that removal of the New Lawsuit will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c). And "the parties shall proceed no further in that court unless and until the claim or cause of action is remanded." Bankruptcy Rule 9027(c).

19. No admission of law, fact, or liability is intended by this Notice of Removal. Nor does this Notice of Removal waive any claims available to EP Energy.

20. If any question is raised as to the propriety of the removal of the New Lawsuit, EP Energy requests the opportunity to present a brief and oral argument in support of removal.

Dated: April 6, 2022
       Houston, Texas

                                      */s/ Alfredo R. Pérez*
**WEIL, GOTSHAL & MANGES LLP**
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
Paul R. Genender (00790758)
Erin Choi (24079436)
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Email: paul.genender@weil.com
       erin.choi@weil.com

-and-

Mark W. Hanna (24051764)
John W. Gasink (24078547)
William G. Cochran (24092263)
SCOTT DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
Email: mhanna@scottdoug.com
      jgasink@scottdoug.com
      wcochran@scottdoug.com

*Counsel for EPLP and certain of its affiliates*

**Certificate of Service**

I hereby certify that, on April 6, 2022, a true and correct copy of the foregoing document was served on the Plaintiffs' counsel by electronic mail.

                                                                                   */s/ Alfredo R. Pérez*
                                                                                   Alfredo R. Pérez